

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

AUG 2 0 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Diane Deaderick | ) | |
| | ) | |
| Plaintiff, Pro Se | ) | Civil Action File No. |
| | ) | 1:15-CV-02508 |
| v | ) | |
| | ) | |
| Contract Callers, Inc. | ) | JUDGE SHAH |
| | ) | |
| Defendant | ) | |

## PLAINTIFF FIRST AMENDED COMPLAINT

Plaintiff, Diane Deaderick, Pro Se (hereinafter Plaintiff) individually, hereby sue Defendant, Contract Callers, Inc., (hereinafter Defendant) for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. §227 et seq., the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. §1692 et seq., the Automatic Telephone Dialing Act (ATDA) 815 ILCS 305/22, violation of 735 ILCS 5/13-205 § 13-205 for attempting to collect a debt past the five (5) year Statute of Limitation, Violation of the U.S. Bankruptcy Automatic Stay 11. U.S.C. § 364.

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. §227 et seq., the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. §1692 et seq., the Automatic Telephone Dialing Act (ATDA) 815 ILCS 305/22, violation of the Illinois Statue of Limitation 735 ILCS 5/13-205 § 13-205, Violation of the Fair Credit Act (FCRA) 15 U.S.C. § 1681.

1

2. Plaintiff contends that the Defendant has violated such laws by repeatedly harassing and annoying Plaintiff in an attempt to collect a debt.

3. Defendant contacted Plaintiff on her cell phone and residential phone using an auto-dialer and pre-recorded message without express consent.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 U.S.C. §1331, 15 U.S.C. §1692(k)

5. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

6. This is an action for damages which exceed $17,000.00.

## PARTIES

7. Plaintiff, Diane Deaderick, is a natural person and is a resident who resides in the Northern District of Illinois.

8. Plaintiff is a consumer within the meaning of the TCPA and the FDCPA.

9. Upon information and belief Defendant, Contract Callers, Inc. is a foreign company authorized and registered to do business in Illinois.

10. Upon information and belief Defendant, Contract Callers, Inc. is a Georgia Corporation with a principal place of business at 1058 Claussen Road, Suite #110, Augusta, Georgia and is operating as a collection agency, and is a "Debt Collector" as the term is defined by 15 U.S.C. §1692(a)(6).

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was attempting to collect a debt relating to a 1996 or 2006 Com Ed bill in which any manner exceeds the Illinois statues of limitations. 735 ILCS 5/13 – 205 § 13-205.

12. Defendant, Contract Callers, Inc. uses a software/hardware system that permits it to call debtors without a human having to manually dial telephone numbers. The system is referred to herein as the "Automatic Telephone Dialing System" (ATDS).

13. Plaintiff and Defendant do not have a business relationship.

14. Plaintiff never signed or entered into a contract agreement with the Defendant.

15. Defendants made numerous calls to Plaintiff residential phone (773) 721-7513 without express consent using an Automatic Telephone Dialing System (ATDS) and played pre-recorded messages in an attempt to collect, harass and annoy Plaintiff for a debt. The term "Automatic Dialing System' means equipment which has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

16. Defendant made numerous calls to Plaintiff phone (312) 505-1689 which is assigned to Plaintiff cell phone without express consent using an Automatic Telephone Dialing System (ATDS) in an attempt to collect, harass and annoy Plaintiff for an alleged debt.

17. Defendant contacted Plaintiff eight (8) times in a twelve month period.

18. Plaintiff sent a Notice of Intent to Litigate to the Defendant on January 14, 2015 for an opportunity to settle these violations amicably via certified mail return receipt #70142870000234715708.

3

19. Plaintiff was given ten (10) days from receipt of the Notice of Intent to Litigate to contact Plaintiff via email the opportunity to settle the above violations in which Defendant never responded to such notice.

20. From October 2014 to present, Defendants violated the TCPA by calling Plaintiff's cell phone numerous times without express consent given by Plaintiff.

21. From December 2014 to present, Defendant violated the TCPA by calling the Plaintiff residential landline by playing pre-recorded messages without express consent given by Plaintiff.

22. According to the TCPA, it is unlawful under 47 U.S.C. §227(A) to make any call (other than a call made for emergency purposes or made with prior consent of the called party) using any automatic dialing system.

23. Defendant, Contract Callers, Inc. never sent Plaintiff a Dunning Letter within five (5) days of making their initial telephone communication to Plaintiff in violation of 15 U.S.C. § 1692g (a).

24. Defendant obtained Plaintiff's telephone numbers from a third party, not Plaintiff.

25. Using an Automatic Telephone Dialing System (ATDS), Defendant placed calls to Plaintiff.

26. (706) 868-0800 is a telephone number operated by the Defendant.

27. (706) 250-5038 is a telephone number operated by the Defendant.

28. (706) 405-4935 is a telephone number operated by the Defendant.

29. On October 27, 2014, Defendant called Plaintiff using an Automatic Telephone Dialing System (ATDS) in an attempt to collect a debt.

30. On October 29, 2014, Defendant called Plaintiff using an Automatic Telephone Dialing System (ATDS) in an attempt to collect a debt.

4

31. On October 29, 2014, Defendant made a second attempt to call Plaintiff using an Automatic Telephone Dialing System (ATDS) in an attempt to collect a debt.

32. On October 30, 2014, Defendant called Plaintiff using an Automatic Telephone Dialing System (ATDS) in an attempt to collect a debt.

33. On October 30, 2014, Defendant made a second attempt to call Plaintiff using an Automatic Telephone Dialing System (ATDS) in an attempt to collect a debt.

34. On December 10, 2014, Defendant called Plaintiff using an Automatic Telephone Dialing System (ATDS) in an attempt to collect a debt.

35. On December 17, 2014, Defendant called Plaintiff using an Automatic Telephone Dialing System (ATDS) in an attempt to collect a debt.

36. On December 23, 2014, Defendant called Plaintiff using an Automatic Telephone Dialing System (ATDS) in an attempt to collect a debt.

37. Defendant contacted Plaintiff knowing that the Statute of Limitation has expired.

38. Defendant contacted Plaintiff knowing that this was a time-barred offense violating 735 ILCS 5/13-205.

39. Defendant, through its attorney stated that if they are responsible for any calls, it would only be for five (5) cell phone calls that they identified.

### COUNT I
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227

40. Plaintiff alleges and incorporates the information in paragraphs 1 through 39.

41. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

5

42. Defendant, has committed 8 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

43. Defendant, has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b) (1) (A) the last 8 calls are subject to treble damages pursuant to 47 U.S.C. §227(b) (3) as they were intentional. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

44. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b) (1) (A) by calling the Plaintiff cell phone number, which is assigned to a cellular telephone service. The Plaintiff has never given Defendant permission to call her cell phone. Plaintiff is entitled to treble damages of $1500 per violation pursuant to 47 U.S.C. §227(b) (3) (B).

45. Plaintiff and Defendant do not have an established business relationship within the meaning of 47 U.S.C. §227.

46. At all times relevant hereto, Defendant used, controlled and or operated "Automatic Telephone Dialing Systems" as defined by 47 U.S.C. §227 (a) (1) of the TCPA.

47. Defendant initiated at least eight (8) telephone calls to Plaintiff's telephone using artificial and or pre-recorded voices to deliver messages without the express consent of Plaintiff.

48. The acts and or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense justification or legal excuse.

49. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and treble damages.

50. Plaintiff believes that there were more calls made by the Defendant in addition to the calls mentioned in this complaint and will propound that information during the discovery process.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692

51. Plaintiff alleges and incorporates the information in paragraphs 40 through 50.

52. Plaintiff is a consumer within the meaning of the FDCPA 15 U.S.C. §1692 a (3).

53. Defendant, Contract Callers, Inc. is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692 a (6).

54. Defendant, Contract Callers, Inc. caused a phone to ring repeatedly with the intent to annoy and harass, in Violation of 15 U.S.C. §1692 d (5).

55. Defendant, Contract Callers, Inc. employed false and deceptive means to collect a debt in violation of 15 U.S.C. §1692 e (10).

56. Defendant, Contract Callers, Inc. willfully violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant, Contract Callers, Inc. willfully violated FDCPA, 15 U.S.C. §1692 f (1)

   by attempting to collect a debt not authorized by an agreement.

   (b) Defendant, Contract Callers, Inc. willfully violated FDCPA, 15 U.S.C. §1692 b (2)

   by stating that the Plaintiff owes any debt.

   (c) Defendant, Contract Callers, Inc. willfully violated FDCPA, 15 U.S.C. § 1692 e (2) by

   misrepresenting the character, amount and legal status of a debt.

   (d) Defendant, Contract Callers, Inc. willfully violated FDCPA, 15 U.S.C. § 1692 e (10) by

7

falsely representing or using deceptive means to collect a debt.

(e) As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 k.

## COUNT III
## VIOLATIONS OF THE AUTOMATIC TELEPHONE DIALING ACT, 815 ILCS 305/30

57. Plaintiff alleges and incorporates the information in paragraphs 51 through 56 and its sub parts and the foregoing paragraphs as though the same were set forth at length herein.

58. Defendant, Contract Callers, Inc. violated 815 ILCS 305/30 (b) by calling Plaintiff's residential landline playing a pre-recorded message placed by an auto-dialer without the express consent of the caller.

59. Defendant, Contract Callers, Inc. violated 815 ILCS 305/30 (b) by calling Plaintiff's phone by using an auto-dialer without the express consent of the caller.

60. Defendant violated the FDCPA and Illinois state Statute of Limitation

61. Defendant operated an auto-dialer that operated in a manner that impeded the function of the Caller ID of the called party by displaying that it was a Georgia call and not the name of Contract Callers, Inc. with phone number(s) owned by Defendant and displaying (706) 250-5038, (706) 405-4935, (706) 868-0800 which violates 815 ILCS 305/15 (d).

62. Defendant, Contract Callers, Inc. own website state that they use an automatic telephone dialing system.

## COUNT IV
## VIOLATION OF THE TIME-BARRED ILLINOIS STATUTE OF LIMITATION
## 735 ILCS 5/13-205

8

63. Plaintiff alleges and incorporates the information in paragraph 51 through 62.

64. Defendant stated to Plaintiff that they were attempting to collect a debt initially stating it was from a 1996 Com Ed electric bill from an address on a street name Jeffrey and when Plaintiff questioned the Defendant; the Defendant then said it was from a 2006 Com Ed bill therefore, regardless, violates 735 ILCS 5/13-205, the time-barred Illinois Statute of Limitation of five (5) years in which Defendant was aware of.

65. Defendant is known for attempting to collect time-barred debts from consumers.

66. As a result of the above violations of 735 ILCS 5/13-205, Plaintiff is seeking damages for Defendants mis-leading and deceptive practices towards Plaintiff.

## COUNT V
## VIOLATION OF THE U.S. BANKRUPTCY AUTOMATIC STAY 11.U.S.C. §364

67. Plaintiff alleges and incorporates the information in paragraphs 63 through 66.

68. Defendant was attempting to collect an alleged debt that was included in Plaintiff Chapter 7 Bankruptcy on May 26, 1999.

69. Defendant stated to Plaintiff that Com Ed charged off the alleged debt in 1999.

70. Defendant stated that they acquired the alleged debt on March 7, 2009 for collections.

71. Plaintiff made Defendant's counsel aware of the Plaintiff's Chapter 7 bankruptcy and Defendant nor its counsel responded to this newly developed information to Plaintiff.

72. Plaintiff filed a Motion for Judicial Notice to the court on August 20, 2015 regarding this Chapter 7 bankruptcy filing that the Defendant was attempting to collect on.

73. Defendant's own web-site states that they collect on aged debts.

74. When the Defendant took on the alleged Com Ed debt that was discharged in the Plaintiff's

bankruptcy, the Defendant also took on the liabilities that goes along with it.

75. Plaintiff thought that when she filed for bankruptcy Chapter 7 in 1999, she was under the impression that she was protected from her creditors and their agents from the alleged debt.

## COUNT VI
## VIOLATION OF THE FAIR CREDIT REPORTING ACT 15. U.S.C. §1681

76. Plaintiff incorporates by reference all of the above paragraphs of her Complaint as though fully set forth herein at length.

77. Defendant obtained Plaintiff's credit report without any permissible.

78. Defendant cannot produce to Plaintiff any written authorization where Plaintiff authorized any permissible credit inquiry by Defendant.

79. Plaintiff became aware that the Defendant obtained her credit report on August 5, 2015.

80. Defendant obtained Plaintiff's Experian Credit Report information initially on August 28, 2013 without a permissible purpose in violation of 11. U.S.C. § 1681(5)(f)(1). .

81. Defendant obtained Plaintiff's Experian Credit Report information a second time on January 30, 2015 without a permissible purpose in violation of 11. U.S.C. § 1681(5)(f)(1).

82. Defendant obtained Plaintiff's Experian Credit Report information a third time on June 15, 2014 without a permissible purpose in violation of 11. U.S.C. § 1681(5)(f)(1).

83. Defendant obtained Plaintiff's Experian Credit Report information a fourth time on October 30, 2014 without a permissible purpose in violation of 11. U.S.C. § 1681(5)(f)(1).

**WHEREFORE,** Plaintiff respectfully prays for relief and judgment for damages against Defendant for actual damages, FDCPA statutory damages of $1,000, TCPA treble damages of

$1500 per call, 815 ILCS treble damages of $1,500 per call, 735 ILCS damages, punitive damages, FCRA statutory damages of $1,000 per violation, attorney's fees and costs and such other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 20th day of August, 2015

Diane Deaderick
8312 S. Clyde Ave.
Chicago, IL 60617
773-721-7513

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument Plaintiff First Amended Complaint was served upon Contract Callers, Inc. attorney of record Nicole M. Strickler via certified mail return receipt requested. Receipt No: 70101010000361667889 via the United States Postal Service on this 20th day of August, 2015 before 5:00p.m.

*[signature]*

Diane Deaderick, Plaintiff, Pro Se
8312 So. Clyde Ave.
Chicago, IL 60617

Sent to Defendant's attorney of record:

Nicole M. Stricker
Messer, Stilp & Strickler Ltd.
166 W. Washington st., Suite 300
Chicago, Illinois 60602

12