IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE DEADERICK, ) | |
| ) | |
| Plaintiff ) | Civil Action File No. |
| vs. ) | 1:15-cv-02508 |
| ) | |
| CONTRACT CALLERS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

1. Plaintiff, Diane Deaderick ("Deaderick"), is an Illinois resident. *See* D.E. 33 ¶ 5.

2. Defendant, Contract Callers, Inc. ("CCI"), is a foreign company that is in the business of collecting unpaid accounts. *See* D.E. 42 ¶ 6.

3. Throughout her life, Deaderick has had multiple accounts with utility provider, Com Ed. Before and in 1999, she had a personal account for her home and wherever she was living or residing. She also had an account for her business, Williams Cosmetics. *See* Deposition of Plaintiff, 61:4-7, 16-19 and P. 68; a true and accurate copy of which is attached hereto as **Exhibit B**.

4. From 1993 to 1999, Plaintiff owned a cosmetic company called Williams Cosmetics, which operated at 7621 South Jeffrey Boulevard in Chicago, Illinois. *See* **Exhibit B,** P. 58-59.

5. Williams Cosmetics was involuntarily closed (*See* **Exhibit B**, 62:19-23) after a series of robberies and there were outstanding debts at the time the company closed. Plaintiff cannot recall if Williams Cosmetics paid its balance with Com Ed prior to closure. See, **Exhibit B**, 63:13-19.

6. In 2009, Com Ed placed a utility account in the name of Diane Deaderick in the amount of $197.76 with the account number of 2024773002 for collection purposes with CCI in 2009. *See*, Deposition Transcript of Defendant, 52:7-11; a true and accurate copy of which is attached hereto as **Exhibit A**.

7. During the time Deaderick's account was placed with CCI, CCI utilized two comprehensive bankruptcy scrub programs through third parties named Renkim and Experian's First Sweep. These vendors used a debtor's personal information, such as name, social security number, and address, along with information on the debt and searched the account against bankruptcy data to determine if a debtor has filed for bankruptcy. *See*, **Exhibit A**, P. 47 to 51.

8. CCI scrubs all accounts prior to collections to determine if a debtor previously filed bankruptcy or is currently involved in a bankruptcy. *See* **Exhibit A**, 47:13-25, 48:1-23, and 49:1-25. If the scrub comes back with a hit, then CCI codes the account as bankruptcy, ceases collecting the account and takes it out of the queue, which ensures no other collection efforts are made on the account. *See* **Exhibit A**, 45:17-25, 46:1-25, and 51:10-13.

9. Beyond the scrub, CCI trains its collectors on how to handle bankruptcy accounts. If a consumer states they have filed bankruptcy or intend to file bankruptcy the collectors will code the account as "cease communication" or all "communication with the attorney." Once informed that the consumer is either involved in bankruptcy or intends to file bankruptcy CCI will cease collecting the account. *See* **Exhibit A**, 45:17-25, 48:1-25 and 47:1-5.

10. When CCI received Deaderick's account from ComEd, ComEd did not notify CCI that the debt was previously included in a bankruptcy. *See* **Exhibit A**, 52:7-11, 173:6-9. CCI scrubbed Deaderick's account four times and each time the results came back negative for a bankruptcy. *See* **Exhibit A**, 52:15-20, 55:13-20, and 136:16-21.

11. CCI had a several conversations with Deaderick while it was attempting to collect the debt and she never informed CCI about any bankruptcy. *See* **Exhibit A**, 55:9-12 and 173:6-9. *See* **Exhibit B**, 93:11-13. *See* Defendant's Response to Plaintiff's First Set of Admissions No. 15, a true and accurate copy of which is attached hereto as **Exhibit G.**

12. At no point did CCI request or obtain Deaderick's credit report. *See* **Exhibit A**, 150: 1-6, 151:6-10 and 20-23, 157:21-25 and 158:1-3.

13. Rather, CCI used a monitoring program through Experian. *See* **Exhibit A**, 16:19-20, 164:6-11. It was a silent monitor and Deaderick would be the only person that could see that CCI was monitoring her credit information. *See* **Exhibit A**, 164: 20-21. The monitoring program does not pull a credit report. Instead, it sends a notification to CCI in the event there is a change in a person's credit report. *See*, **Exhibit A**, 167.

14. This credit monitoring service is not a consumer credit report, is shown only to the consumer and does not impact the credit score. See, Experian Letter Dated April 27, 2015; a true and accurate copy of which is attached hereto as **Exhibit D.**

15. CCI was monitoring Deaderick's credit information because it was attempting to collect a debt. *See* **Exhibit A**, 165:3-6 and 172:11-14. See, Defendant's Response to Plaintiff's First Set of Interrogatories, No. 3; a true and accurate coy of which is attached hereto as **Exhibit F.** *See* **Exhibit A**, 168: 8-12. When CCI was monitoring Deaderick's credit information it believed that the debt was owed by Plaintiff and that it had a permissible purpose to access her credit information. *See* **Exhibit A**, 172:15-25.

16. CCI ceased collection on the account on January 14, 2015, by coding the account as "all efforts exhausted." *See* **Exhibit A**, 113:23-25 and 114:1-20. The entire account was coded as "cease comm" on January 22, 2015. *See* **Exhibit A**, 127:7-25 and 128:1-6.

17. On or about May 26, 1999, Deaderick filed a voluntary petition for Chapter 7 bankruptcy. See, Plaintiff's Voluntary Petition and Schedule F; a true and accurate copy of which is attached hereto as **Exhibit E**.

18. In her petition, she listed a ComEd account with the account number of 9612462002 in the amount of $420.00. *Id.*

19. The account number and balance listed on the ComEd petition does not match the account number and balance that CCI sought to collect. *Id*.

20. CCI was never informed during its collection efforts that Deaderick's account was included in bankruptcy. *See* **Exhibit A**, 173:2-9.

21. The first time CCI was informed of the bankruptcy was after collection efforts ceased and this case was filed. This notification occurred on June 3, 2015 when Deaderick sent CCI's counsel an email stating that the account at issue may have been included in bankruptcy. That information was then provided to CCI. *See* **Exhibit A**, 55:9-12 and 173:6-9. *See* **Exhibit B,** 47:7-16, 48:16-19, 92:20-24, 93:1-10. *See* email from Deaderick to Jonathan K. Aust dated June 3, 2015; a true and accurate coy of which is attached hereto as **Exhibit C**. Deaderick was not even aware of her own bankruptcy at the time CCI was making calls to her. See **Exhibit B**, 92:20-24 and 93:1-17. Deaderick even admits she was unaware of the bankruptcy until after she filed this lawsuit. *See* **Exhibit B**, 92:20-24 and 93:1-10.

22. Deaderick claims that she received credit denial letters from creditors which explained why she was denied credit. However, Deaderick destroyed these letters and there is no evidence in the record that Deaderick was actually denied credit or suffered credit damage as a result of CCI's actions. *See* **Exhibit B**, 164:3-16. *See* Plaintiff's Response to Defendant's Second Set of Requests for Production of Documents Nos. 11, 12, 14 and 15; a true and accurate coy

of which is attached hereto as **Exhibit I.** Furthermore, she does not possess any documents showing that she was either denied credit or offered credit at a higher interest rate. *See* **Exhibit B**, 164:3-16. **Exhibit I**. Nos. 11, 12, 14 and 15.

23. Deaderick does not know what her credit score was before or after CCI's allegedly harmed her. *See*, Plaintiff's Response to Defendant's Second Set of Interrogatories No. 3; a true and accurate coy of which is attached hereto as **Exhibit H.**

24. CCI only appears on Deaderick's credit report under the section titled "Inquiries Shared Only With You" which provides that "[t]hese inquiries do not affect your credit score." *See* **Exhibit B**, 140:14-24 and 141:1-21. *See* **Exhibit B**, at Exhibit C, bates stamped pgs. 000054 to 000057. CCI's inquiry can only be seen by the Deaderick, not by potential employers or creditors. *See* **Exhibit A**, 168: 8-12. *See* **Exhibit D**.

25. CCI requested documents from Deaderick showing a decrease in her credit score. The only document produced was a credit report that does not identify a credit score. No other documents have been provided by Deaderick. *See* **Exhibit H**, Responses Nos. 9 and 10 and bates stamped pages 000022 to 000065.

26. Deaderick's only out-of-pocket expense she has identified are $1,000.00 she paid her attorneys and $400 filing fee. *See* **Exhibit B**, 27:2-7 and 29:14-23.

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | Deposition Transcript of Plaintiff Diane Deaderick |
| B | Deposition Transcript of Defendant Contract Callers, Inc. |
| C | Email sent by Plaintiff Diane Deaderick to Defendant Contract Callers, Inc.'s attorney dated June 3, 2015 |
| D | Experian Letter dated April 27, 2015 |
| E | Plaintiff's Bankruptcy Petition and Schedule, bates stamped pages 000006-000007 |
| F | Defendant's Response to Plaintiff's First Set of Interrogatories |
| G | Defendant's Response to Plaintiff's First Set of Admissions |

| H | Plaintiff's Response to Defendant's Second Set of Interrogatories |
|---|---|
| I | Plaintiff's Response to Defendant's Second Set of Requests for Production of Documents |

                    CONTRACT CALLERS, INC.

                    By: /s/ Jonathan K. Aust
                    Jonathan K. Aust
                    Georgia Bar No. 448584
                    Bedard Law Group, P.C.
                    2810 Peachtree Industrial Blvd.,
                    Suite D
                    Duluth, Georgia 30097
                    Telephone: (678) 253-1871
                    jaust@bedardlawgroup.com
                    PRO HAC VICE

                    By: /s/ Nicole M. Strickler
                    Nicole M. Strickler
                    Messer, Stilp & Strickler Ltd.
                    166 W. Washington St., Suite 300
                    Chicago, Illinois 60602
                    312-334-3476 (main)
                    312-334-3442 (direct)
                    312-334-3434 (fax)
                    www.messerstilp.com
                    strickler@messerstilp.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served all parties of record with a copy of the foregoing **Statement of Material Facts** by filing the same using this Court's cm/ecf system which automatically sends notice via electronic mail (e-mail):

Mohammed Omar Badwan (mbadwan@sulaimanlaw.com )
Ahmad Tayseer Sulaiman (ahmad.sulaiman@sulaimanlaw.com )
Daniel John McGarry (dmcgarry@sulaimanlaw.com )
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, IL 60523

Respectfully submitted this 26th day of July, 2016.

**/s/ Nicole M. Strickler**